IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

GALVESTON PARK LLC and
SCHLAG GALVESTON LLC

          Plaintiffs,

vs.

EZ CRUISE STORE, LLC a/k/a
EZ CRUISE PARKING

          Defendant.

Case No. 3:15-cv-00331

Jury Demand

## ORIGINAL COMPLAINT

Plaintiffs Galveston Park LLC and Schlag Galveston LLC (collectively "Plaintiffs") bring this action against Defendant EZ Cruise Store, LLC a/k/a EZ Cruise Parking ("Defendant") and allege:

### NATURE OF THE ACTION

1. Plaintiffs own the mark GALVESTON PARK N CRUISE ("Plaintiffs' Mark"), and they also own the domain name www.galvestonparkncruise.com. Plaintiffs provide convenient, enclosed parking for individuals and families taking cruises out of Galveston, and they use the name GALVESTON PARK N CRUISE for their parking facility. This particular parking facility has been named GALVESTON PARK N CRUISE since at least as early as 2009, and over the years the mark GALVESTON PARK N CRUISE has acquired secondary meaning. Plaintiffs' website provides basic information regarding the parking facility, the rates, location, and a "BOOK ONLINE" option, among other things. A substantial number of Plaintiffs' customers

book their reservations online, and many of these customers travel from various parts of Texas as well as other states to Plaintiffs' parking facility in Galveston.

2.      Defendant is a competitor of Plaintiffs. It also provides parking for individuals and families taking cruises out of Galveston. Defendant's website domain name is http://ezcruiseparking.com, and its website also provides basic information about Defendant's facility, rates, and location, as well as an option to book a reservation online.

3.      On information and belief, Defendant has purchased the following additional website domain name: www.galvestonparkandcruise.com. It is readily apparent that this additional website simply changes the "N" from Plaintiffs' website to "AND" in the domain name. Otherwise, Plaintiffs' domain name and Defendant's additional domain name are identical. Further, on information and belief, Defendant has set up its additional domain name of www.galvestonparkandcruise.com so that an internet user typing this domain name into the internet address bar will immediately and automatically be diverted to Defendant's website.

**THE PARTIES**

4.      Plaintiff Galveston Park LLC is a Texas limited liability company having its place of business at 2514 New Strand Street, Galveston, Texas 77550.

5.      Plaintiff Schlag Galveston LLC is a Texas limited liability company having its place of business at 2514 New Strand Street, Galveston, Texas 77550.

6.      Defendant EZ Cruise Store, LLC is a Texas limited liability company organized and existing under the laws of the State of Texas and has an office at 527 21st Street #163, Galveston, Texas 77550. Defendant may be served with process through its registered agent, Jason L. Hayes, at 527 21st Street #163, Galveston, Texas 77550.

JURISDICTION AND VENUE

7.      This action alleges violations of federal law, including trademark infringement, unfair

competition, and cyberpiracy, all under the Federal Lanham Act, Title 15 U.S.C. § 1051 *et seq.*

("Lanham Act"). Accordingly, this Court has original subject matter jurisdiction over the federal

law claims under the Lanham Act, 28 U.S.C. § 1338 (federal question over trademarks and

unfair competition), and 28 U.S.C. § 1331 (federal question). Defendant has used, and continues

to use, the infringing domain name www.galvestonparkandcruise.com in interstate commerce,

and on information and belief, Defendant's use of the infringing domain name has substantially

affected interstate business and had a substantial economic effect upon the interstate business of

Plaintiffs.

8.      This action also alleges violations of Texas state law, namely, common law trademark

infringement and unfair competition. The Texas state law claims share a common nucleus of

operative facts with the federal law claims. Accordingly, this Court has supplemental subject

matter jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

9.      The Court has personal jurisdiction over Defendant. Defendant has engaged in "doing

business" in Texas and in this Judicial District. Defendant's principal place of business is located

in this Judicial District.

10.     Venue is proper in this Court under 28 U.S.C. 1391. Defendant resides in this Judicial

District. Further, a substantial part of the events or omissions giving rise to the claims described

below occurred in this Judicial District and a substantial part of the property that is the subject of

the action is situated in this Judicial District. Additionally, Defendant may be found in this

Judicial District.

**COUNT ONE:**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT**

11.    Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 10 as if set forth fully herein.

12.    Plaintiffs own all common law rights, title, and interest in and to the mark GALVESTON PARK N CRUISE on and in connection with the services of Plaintiffs under federal and state laws.

13.    Plaintiffs' Mark is eligible for protection under at least the federal Lanham Act and Texas common law, is distinctive, and has acquired secondary meaning.

14.    Plaintiffs' predecessor began using the mark GALVESTON PARK N CRUISE in Texas well before Defendant began using the infringing domain name, www.galvestonparkandcruise.com, with respect to Defendant's services. Further, a substantial number of Plaintiffs' customers book their reservations online, and many of these customers travel from various parts of Texas as well as other states to Plaintiffs' parking facility in Galveston. On information and belief, Defendant's infringing use of the domain name www.galvestonparkandcruise.com has had a substantial economic effect upon the interstate business of Plaintiffs.

15.    Defendant has taken actions that are not authorized by Plaintiffs and are damaging to Plaintiffs' trademark rights and goodwill. Such actions include, but may not be limited to, Defendant's infringing use of the domain name www.galvestonparkandcruise.com.

16.    By using the copycat mark, Defendant has created a likelihood of confusion among relevant consumers regarding source, sponsorship, and/or affiliation.

17.    Defendant's actions complained of above constitute infringement of Plaintiffs' Mark and unfair competition under 15 U.S.C. § 1125(a).

18.     On information and belief, Defendant selected and began using the copycat mark with full knowledge of Plaintiffs' Mark and how Plaintiffs were using Plaintiffs' Mark, has continued using the copycat mark with that knowledge. Defendant has willfully and deliberately traded on the goodwill created by Plaintiffs and has adopted and been using the copycat mark in bad faith and with an intent to profit from Plaintiffs' Mark.

19.     Defendant is being unjustly enriched by its infringement.

20.     Plaintiffs are entitled to recovery of Defendant's profits, all damages sustained by Plaintiffs, Plaintiffs' costs, and Plaintiffs' attorney's fees pursuant to 15 U.S.C. § 1117(a).

21.     Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief.

**COUNT TWO: CYBERPIRACY**

22.     Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 21 as if set forth fully herein.

23.     The domain name www.galvestonparkandcruise.com is confusingly similar to Plaintiffs' mark, GALVESTON PARK N CRUISE, and to Plaintiffs' domain name, www.galvestonparkncruise.com.

24.     On information and belief, Defendant registered, used, and continues to use the infringing domain name, www.galvestonparkandcruise.com, with the bad faith intent of causing harm to Plaintiffs and their brand and profiting unlawfully from Plaintiffs' mark, GALVESTON PARK N CRUISE, by using Plaintiffs' mark to call attention to and promote Defendant's competing business.

25.     On information and belief, Defendant registered, used, and continues to use the infringing domain name, www.galvestonparkandcruise.com, with the intent to divert customers from Plaintiffs' website to Defendant's website by automatically rerouting customers through the

infringing domain name, www.galvestonparkandcruise.com, to Defendant's website. Further, these actions by Defendant have been done with the bad faith intent to harm Plaintiffs' goodwill and to profit from Plaintiffs' mark, GALVESTON PARK N CRUISE, by creating a likelihood of confusion as to source, sponsorship, affiliation, and/or endorsement of Defendant's website.

26.     Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

27.     Defendant's unauthorized registration and use of the infringing domain name, www.galvestonparkandcruise.com, has caused and unless enjoined, will continue to cause, irreparable injury to Plaintiffs and to the goodwill associated with Plaintiffs' mark, GALVESTON      PARK      N      CRUISE,      and      Plaintiffs'      domain      name, www.galvestonparkncruise.com.

28.     Because Defendant's infringing conduct has caused and is likely to cause substantial injury to the public and to Plaintiffs, Plaintiffs are entitled to recover Defendant's profits, all damages sustained by Plaintiffs, Plaintiffs' costs, and Plaintiffs' attorney's fees pursuant to 15 U.S.C. § 1117(a). Alternatively, if so elected, Plaintiffs shall be entitled to an award of statutory damages pursuant to 15 U.S.C. § 1117(d) of up to $100,000.

29.     Plaintiffs are also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 including ordering      Defendant      to      instruct      the      registrar      of      the      domain      name www.galvestonparkandcruise.com to transfer the registration for the domain name to Plaintiffs.

### COUNT THREE: TRADEMARK INFRINGEMENT COMMON LAW

30.     Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

31.     Plaintiffs are the exclusive owners of the mark, GALVESTON PARK N CRUISE. In order to lure and confuse customers away from Plaintiffs' services, Defendant chose to use a

domain name confusingly similar to Plaintiffs' mark in connection with services similar to Plaintiffs' services, which similar services Defendant is attempting to sell in competition with Plaintiffs.

32.     There is a likelihood of confusion as to the source of the services sold under Plaintiffs' mark GALVESTON PARK N CRUISE and those being offered by Defendant using Plaintiffs' mark or words substantially similar thereto.

33.     As a result or proximate result of Defendant's deliberate and intentional trademark infringement, Plaintiffs have suffered and will continue to suffer damages.

### COUNT FOUR: UNFAIR COMPETITION

34.     Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 33 as if set forth fully herein.

35.     Plaintiffs' Mark is distinctive and/or has acquired secondary meaning through usage in Texas in connection with Plaintiffs' services, and Plaintiffs are the senior users of Plaintiffs' Mark. Defendant's acts complained of above constitute unfair competition under the Texas common law. For example, Defendant's use of the copycat mark is likely to confuse the relevant public. Deception will naturally and probably result from such uses. This conduct by Defendant constitutes unfair competition under Texas common law.

36.     As a result of Defendant's acts of unfair competition, Plaintiffs have suffered and continue to suffer damages, and Plaintiffs are entitled to recover compensation for their own damages caused by Defendant's unfair competition.

37.     Defendant's acts of unfair competition have been and are still deliberate, willful, reckless, and malicious, entitling Plaintiffs to recover enhanced damages and attorney's fees.

38.     A temporary, preliminary, and permanent injunction should be entered to prevent future actions of unfair competition under Texas common law by Defendant.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all claims and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

1.     That Defendant, its partners, agents, employees, and all persons in active concert or participation with Defendant, be permanently enjoined and restrained from:

   a.  using Plaintiffs' mark GALVESTON PARK N CRUISE, the infringing domain name www.galvestonparkandcruise.com, and any trademark, company name, or domain name that is confusingly similar to Plaintiffs' mark;

   b.  engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, or to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's website or other activities with or by Plaintiffs;

   c.  otherwise infringing upon Plaintiffs' mark or unfairly competing with Plaintiffs in any manner whatsoever; and

   d.  impersonating Plaintiffs or any of its affiliates or representatives.

2.     That an accounting be ordered and judgment be rendered against Defendant for all profits received from their actions utilizing Plaintiffs' mark GALVESTON PARK N CRUISE, the infringing domain name www.galvestonparkandcruise.com, and any confusingly similar imitations of Plaintiffs' mark.

3.     That Plaintiffs recover their actual damages.

4.      That the award of actual damages from Defendant's infringement, unfair competition, and cyberpiracy be trebled.

5.      That Plaintiffs recover statutory damages in the amount of $100,000 under 15 U.S.C. § 1117(d) for the infringing domain name www.galvestonparkandcruise.com.

6.      That Defendant be directed to file with the Court and serve on Plaintiffs, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

7.      That Plaintiffs be awarded their costs in connection with this suit, including reasonable attorney's fees and expenses.

8.      That Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: <u>November 24, 2015</u>

/s/ Eric M. Adams
Eric M. Adams
Attorney-in-Charge
Texas Bar No. 24031686
S.D. Tex. 30371
eric@elliottiplaw.com
THE ELLIOTT LAW FIRM, PLLC
6750 West Loop South, Suite 995
Bellaire, Texas 77401
(832) 485-3510
(832) 485-3511 fax

Of Counsel:

Douglas H. Elliott
Texas Bar No. 06535900
S.D. Tex. 7830
delliott@elliottiplaw.com
The Elliott Law Firm, PLLC
6750 West Loop South, Suite 995
Bellaire, Texas 77401
(832) 485-3510
(832) 485-3511 fax

Frederick E. Black
Texas Bar No. 02371100
S.D. Tex. 9340
fblack@greerherz.com
GREER, HERZ & ADAMS, LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3232
(409) 766-6424 fax

ATTORNEYS FOR PLAINTIFFS